UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORENZO FOSSELMAN, JR., | ) | 1:10-CV-00328 LJO GSA HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| M. S. EVANS, Warden, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Modesto, following his 2002 conviction for carjacking. (Pet. at 2.) With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges two prison disciplinary hearings held on January 4, 2007, and February 7, 2007. In both hearings, Petitioner was found guilty of recurring failure to meet program expectations. In the January hearing, he was assessed thirty (30) days loss of behavioral credits and ninety (90) days loss of privileges. (Pet. Exh. A.) In the February hearing, he was assessed sixty (60) days loss of privileges but no loss of behavioral credits. (Pet. Exh. D.)

Petitioner sought habeas relief in the state courts. On October 26, 2007, the Monterey County

Superior Court denied his petition in a reasoned decision. (Pet. Exh. 1.) He then filed a habeas petition in the California Court of Appeal, Sixth Appellate District, and the petition was denied without comment on December 13, 2007. (Pet. Exh. 1.) Finally, he filed a habeas petition in the California Supreme Court which was denied without comment. (Pet. Exh. 1.)

On July 29, 2008, Petitioner filed the instant federal habeas petition in the United States District Court for the Northern District of California. On August 6, 2008, the petition was ordered transferred to the Eastern District. For unknown reasons, the Eastern District did not receive the petition until February 24, 2010. In his petition, Petitioner contends he has been arbitrarily found guilty of these two rules violations in retaliation for his filing of grievances against prison staff. He claims he was not afforded due process in these hearings.

**DISCUSSION**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of two disciplinary hearings held at Salinas Valley State Prison, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

As previously stated, Petitioner challenges two prison disciplinary hearings. The first hearing resulted in the loss of thirty (30) days of behavioral credits and a loss of privileges. However, the second hearing did not result in the loss of any behavioral credits, only a loss of privileges including yard access, packages, special purchases, telephone use, and canteen access. Since no relief this Court could grant with respect to the second hearing would affect the duration of Petitioner's sentence, any claim concerning that hearing is not cognizable in a federal habeas action. Therefore, Petitioner's claims with respect to the February 7, 2007, hearing should be dismissed for failure to state a cognizable claim.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's claims concerning his second hearing be DISMISSED WITH PREJUDICE for failure to state a claim.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after service of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 5, 2010**          /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE