UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORENZO FOSSELMAN, JR., | ) | 1:10-CV-00328 LJO GSA HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #12] |
| | ) | |
| v. | ) | ORDER DISMISSING CLAIMS |
| | ) | |
| | ) | ORDER REFERRING MATTER BACK TO |
| | ) | MAGISTRATE JUDGE FOR FURTHER |
| M. S. EVANS, Warden, | ) | PROCEEDINGS |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 5, 2010, the Magistrate Judge issued a Findings and Recommendation that recommended Petitioner's claims concerning his February 7, 2007, hearing be DISMISSED for failure to state a cognizable claim. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On June 1, 2010, Petitioner filed objections to the Findings and Recommendation. Petitioner

concedes he did not forfeit any time credits as a result of the guilty finding in the February hearing. However, he alleges the rules violation will be used to deny him parole in the future. Petitioner's claim is speculative and not ripe for review.

The Supreme Court has stated that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580 (1985). The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, (9th Cir.2000). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n, 461 U.S. 190, 200-01 (1983); Dames & Moore v. Regan, 453 U.S. 654, 689 (1981). Ripeness is, thus, a question of timing. Regional Rail Reorganization Act Cases, 419 U.S. 102, 139 (1974).

Petitioner claims the guilty finding in his February hearing will be used to deny him parole in the future. Petitioner is not currently eligible for parole and will not become eligible for parole until a future date. It is not known whether the rules violation will be considered and what effect it will have in the parole board's determination of Petitioner's suitability for parole. No case or controversy currently exists, and there is a real likelihood that Petitioner's claim will never present a case or controversy. The Supreme Court has cautioned against courts "entangling themselves in abstract disagreements." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967). Therefore, Petitioner's claim is not ripe for adjudication.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued May 5, 2010, is ADOPTED IN FULL;

2. All claims concerning the February 7, 2007, hearing are DISMISSED from the petition;

3. The matter is REFERRED BACK to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   June 21, 2010**                /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE