# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO FOSSELMAN, JR.,  )<br>                                                    )<br>                     Petitioner,     )<br>                                                    )<br>          v.                                    )<br>                                                    )<br>                                                    )<br>M. S. EVANS, Warden,            )<br>                                                    )<br>                     Respondent.  )<br>_____) | 1:10-CV-00328 LJO GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction in 2002 for carjacking.

Petitioner filed the instant petition on July 29, 2008. Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held in January of 2007[2], in which he was found guilty of a recurring failure to meet program expectations. It was determined that Petitioner failed to participate in facility interviews designed to gather

---

[1] This information is derived from the petition for writ of habeas corpus and the documents attached to Respondent's answer to the petition.

[2] The petition also challenged a February, 2007, prison disciplinary hearing; however, the Court dismissed all grounds concerning the February hearing for failure to state a cognizable claim.

information and assist the administration with returning the facility to a normal program.  Petitioner refused to participate on December 22, 2006, was not receptive to counseling, and refused again to participate on December 26, 2006.  As a result, among other consequences he was assessed a 30-day forfeiture of behavioral credits.

On August 29, 2007, Petitioner filed a petition for writ of habeas corpus in the Monterey County Superior Court.  (See Resp't's Answer Ex. 1.) The petition was denied on October 26, 2007, in a reasoned decision. (See Resp't's Answer Ex. 2.)  Petitioner next filed a petition for writ of habeas corpus in the California Court of Appeals, Sixth Appellate District.  (See Resp't's Answer Ex. 3.) The petition was summarily denied on December 13, 2007. (See Resp't's Answer Ex. 4.)  On January 28, 2008, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (See Resp't's Answer Ex. 5.)  The petition was summarily denied on July 9, 2008.  (See Resp't's Answer Ex. 6.)

As noted above, Petitioner filed the instant federal habeas petition on July 29, 2008.  He contends he was wrongfully issued a Rules Violation Report, because no rule or regulation sanctions inmates for refusing to speak or to sign documents. He alleges there is a conspiracy on the part of Salinas Valley State Prison administration and their agents against Petitioner.  Respondent filed an answer to the petition on August 25, 2010.  Petitioner did not file a traverse.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Salinas Valley State Prison, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).  In this case, Petitioner suffered a loss

of thirty days of behavioral credits. Therefore, the Court has jurisdiction.

## II.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63 (2003), *disapproving the Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 538 U.S. at 75-76 (citations omitted). "Rather, that application must be objectively unreasonable." Id. at 76 (citations omitted).

The state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## III.  Review of Petitioner's Claims

Petitioner argues he was unconstitutionally found guilty of a serious rules violation report. The petition is without merit as it is clear all due process requirements were met.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418

U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

In this case, it is clear the minimum due process requirements were met. Petitioner does not dispute that he was given advance notice, an opportunity to call witnesses and present evidence, and a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. Indeed, the CDC-115 report shows Petitioner was given twenty-four hours advance written notice of the hearing. It further reveals that Petitioner declined to provide evidence or call witnesses on his behalf. Also the report shows Petitioner was given a copy of the written decision. Therefore, Petitioner's procedural due process requirements were met.

Nevertheless as noted above, due process also requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455. Petitioner claims the evidence does not support the decision because the Rules Violation report was rendered in retaliation. He also argues that refusing to comply with orders of prison staff is not a violation of any prison rule or regulation. The Court finds no evidence of any action done in retaliation against Petitioner. In addition, Petitioner violated Cal. Code of Regs., tit. 15, section 3005(b), which provides:

> Obeying Orders. Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees.

Petitioner repeatedly refused to comply with orders by prison staff to participate in facility interviews designed to gather information and assist the administration with returning the facility to a normal program. The state court's determination that some evidence supported the decision of the hearing officer was not unreasonable.

The Court also finds that Petitioner has failed to demonstrate that the state courts unreasonably determined the facts. Petitioner disagrees with the decision of the state courts, but Petitioner does not show that the state courts committed any factual error, and Petitioner fails to overcome the presumption that the state courts' factual determinations were correct.

In sum, all due process requirements were satisfied, and the state court determination that the guilty finding was supported by "some evidence" was not unreasonable. In addition, the state court did not unreasonably determine the facts. Accordingly, Petitioner's claims are without merit and the petition should be denied.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 29, 2010                                       /s/ Gary S. Austin
                                                               UNITED STATES MAGISTRATE JUDGE